UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80085-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,
v.

**HAITHAM YOUSEF ALHINDI**,

    Defendant.
_____/

## COMMITMENT ORDER

On November 28, 2022, the Court held a hearing on Mr. Alhindi's mental competency to stand trial [ECF No. 33]. The Court previously admitted into evidence a sealed report, dated October 4, 2022, memorializing the findings of Dr. S. Shelton, Psy. D., Chief Forensic Psychologist, and Dr. Ernie Gonzalez, Jr., a Forensic Psychologist. Drs. Shelton and Gonzalez, both employed by the Federal Bureau of Prisons, evaluated Defendant to determine his competency to stand trial—ultimately recommending that the Court commit Defendant to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d) [ECF No. 32-1].

The parties stipulated to the contents and conclusions of the forensic evaluation. The Court also afforded Defendant an opportunity to testify and to present any additional information. 18 U.S.C. § 4247(d). Based on Drs. Shelton and Gonzalez's forensic report [ECF No. 32-1], the positions as asserted by counsel, the Court's observations of Defendant's bizarre statements during the November 28, 2022 hearing, and the full record [ECF Nos. 3, 14; ECF No. 13 (detention hearing)], the Court finds by a preponderance of the evidence that Defendant is "presently suffering from a mental disorder or defect rendering him mentally incompetent to the extent he is

unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241.[1]

Therefore, and upon a *de novo* review of the record, the Court agrees with the forensic report's recommendation that Defendant should undergo competency-restoration treatment at a medical facility. Accordingly, pursuant to the agreement of the parties, the findings of the Court, and the provisions of 18 U.S.C. § 4241(d), the Court hereby **ORDERS and ADJUDGES** as follows:

1. Defendant shall be committed to the custody and care of the Attorney General to be hospitalized for treatment in a suitable facility for such a reasonable time, **not to exceed four months from the date of this Order**, as is necessary to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit these proceedings to go forward. **The Court directs that Defendant be placed into a Federal Medical Facility either in or as close to Florida as possible**.[2]

2. At any time during Defendant's commitment, but no later than **February 28, 2022**, the Director shall take the following action:

    a. if the director of the facility in which Defendant is hospitalized, pursuant to this Order, needs an additional reasonable period of time for Defendant's mental condition to improve, the director shall submit a request and report to this Court, with copies to counsel of record, supporting a finding that there is a substantial

---

[1] During the hearing, Defendant made various jumbling and unclear references to receiving violent threats from an FBI Agent who purportedly fabricated this case, and also to complaining unsuccessfully about that agent to a local sheriff who apparently declined to assist him.

[2] While the Court appreciates BOP's diligence, Defendant previously was transported from Florida to a BOP facility in California for evaluation, causing over a month delay in transport for court proceedings. Such delays are not feasible given the timelines set forth in this Order.

CASE NO. 22-80085-CR-CANNON

    probability that, within such additional period of time, Defendant will attain the capacity to permit these proceedings to go forward; or

    b. if the director of the facility in which Defendant is hospitalized, pursuant to this Order, determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the Clerk of the United States District Court for the Southern District of Florida. The clerk shall send a copy of the certificate to Defendant's counsel and to the attorney for the Government. This Court then will hold a further hearing, pursuant to the provisions of Section 4247(d), to determine the competency of Defendant at that time.

3. A status conference on Defendant's competency is hereby scheduled for **March 2, 2023, at 10:00 a.m., in Fort Pierce, Florida**.

4. The period of delay resulting from Defendant's treatment and any subsequent judicial proceedings shall be deemed excluded for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** in Fort Pierce, Florida on this 28th day of November 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     counsel of record