**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO. 22-80085-CR-CANNON**

**UNITED STATES OF AMERICA,**

       Plaintiff,

**v.**

**HAITHAM YOUSEF ALHINDI,**

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT AND
ORDERING BOP TO COMMENCE 18 U.S.C. § 4241(d)(1) HOSPITALIZATION OF
DEFENDANT AT SUITABLE FACILITY NO LATER THAN JULY 1, 2023**

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Indictment [ECF No. 47], filed on April 13, 2023. The Court has reviewed the Motion, the Government's Opposition [ECF No. 48], and the full record. Upon review, Defendant's Motion [ECF No. 47] is **DENIED**, although the Court hereby **ORDERS AND DIRECTS Bureau of Prisons (BOP)** to commence evaluative hospitalization of Defendant **NO LATER THAN JULY 1, 2023**, which means Defendant must be already transported to and hospitalized at a suitable facility no later than **July 1, 2023**. 18 U.S.C. § 4241(d)(1).

**RELEVANT BACKGROUND**

This Order assumes familiarity with the procedural history of this proceeding to date, set forth in the Court's March 2, 2023, Order Directing BOP to Conduct Expedited Competency Evaluation [ECF No. 39]. Since entry of that Order, a BOP Examiner conducted a second psychological evaluation of Defendant and opined, by letter dated March 29, 2023, that Defendant

"suffers from a mental illness that precludes his ability to rationally understand the nature and consequences of the proceedings against him, and to assist this attorney in his own defense" [ECF No. 44 p. 1 (Sealed)]. As the record indicates, this is the second psychological evaluation conducted by BOP as relates to the matter of Defendant's competency; the Court previously ordered an evaluation of Defendant following a Motion filed by Defense Counsel on July 14, 2022 [ECF Nos. 19, 20], and that earlier evaluation (completed on October 14, 2022) also found Defendant incompetent, although on a more limited basis given Defendant's refusal to participate in the process [ECF No. 32-1 (Sealed)].

The Government and Defense counsel have stipulated to the contents of both psychological evaluations conducted in this case [ECF No. 32-1; ECF No. 44] and concur with the evaluators' opinions that Defendant is not competent to stand trial [ECF No. 34 p. 1]. The Court, for its part, deemed Defendant incompetent to stand trial by Order dated November 28, 2022 [ECF No. 34], and that finding of incompetence remains unchanged, as acknowledged by the parties during the second competency hearing on April 10, 2023, and as expressly stated again by the Court during the April 10, 2023, hearing following another lengthy, nonsensical, and delusion-filled narrative by Defendant [ECF No. 46; *see* ECF No. 34].[1] The record is therefore clear that Defendant presently suffers from a mental illness rendering him incompetent to proceed with the judicial process. 18 U.S.C. § 4241(a).

The sole question before the Court is whether, as Defendant posits in his Motion to Dismiss, the Court should dismiss the indictment now because BOP has not commenced the evaluative hospitalization of Defendant and projects such hospitalization to commence mid-August 2023, approximately 10 months after the Court's original November 28, 2022,

---

[1] A Supplemental Commitment Order is issued contemporaneously with this Order.

Commitment Order [ECF No. 34].  This is the legal and prudent course, Defendant says, because the four-month period referenced in 18 U.S.C. § 4241(d)(1) begins to run on the date of the Court's Commitment Order, not at the time the Defendant is hospitalized for treatment in a suitable facility [ECF No. 47 p. 4 (citing 18 U.S.C. § 4241(d)(1)].  Put another way, Defendant takes the position that the four-month deadline is an "absolute deadline" to determine if Defendant can be restored to competency, meaning that any time spent in detention waiting for hospital placement counts against the four-month allotment in § 4241(d)(1) and necessarily violates due process in light of the Supreme Court's decision in *Jackson v. Indiana*, 406 U.S. 715 (1972) [ECF No. 47 p. 6 ("[B]ecause waiting in jail for hospital placement is not reasonably related to the purposes of the commitment— evaluation or restoration—the time spent waiting would necessarily violate due process under *Jackson*."); *see also United States v. Carter*, 583 F. Supp. 3d 94 (D.D.C. 2022)].  Moreover, Defendant argues, even if the four-month period in § 4241(d) does not commence until hospitalization, *Jackson* still mandates that the pre-hospitalization period of detention not exceed the four-month period permitted for hospitalization, which is the case here given the November 28, 2022, Commitment Order and BOP's projected August 2023 hospitalization date [ECF No. 47 p. 7].

The Government opposes the Motion [ECF No. 48].  According to the Government, the four-month time limit in § 4241(d) constrains the hospitalization period—not the period of pre-hospitalization detention [ECF No. 48 p. 5].  The Government also argues that the extraordinary remedy of dismissing an indictment is not warranted on this record, which is devoid of government misconduct or other indications of outrageous behavior [ECF No. 48 pp. 7–10].  Rather, as the Government continues, the delay in moving Defendant to a treatment facility for competency restoration in this case is due to backlogs at BOP given the large numbers of inmates needing

hospitalization [ECF No. 48 p. 7]. The Government also adds that Defendant was ordered detained by Magistrate Judge Bruce E. Reinhart due to a finding of dangerousness [ECF No. 48 p. 7; ECF No. 14].

## DISCUSSION

Upon review of the Motion and the authorities cited therein, the Court declines to dismiss the indictment and therefore **DENIES** Defendant's Motion, although the Court hereby **ORDERS AND DIRECTS BOP** to commence evaluative hospitalization of Defendant **NO LATER THAN JULY 1, 2023**, which means Defendant must be already transported and hospitalized at a suitable facility no later than **July 1, 2023**.  18 U.S.C. § 4241(d)(1).

First, as a matter of statutory text, although Defendant relies heavily on the phrase "not to exceed four months" in 18 U.S.C. § 4241(d)(1), that phrase is part of a full sentence that clearly is tied to the commencement of hospitalization, without setting a limit on pre-hospitalization detention prior to evaluative hospitalization.  As relevant here, § 4241(d) orders the Court, in mandatory terms, to commit an incompetent defendant to the custody of the Attorney General, and then it provides as follows:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
>   (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
>   (2) for an additional reasonable period of time until—
>
>     (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
>     (B) the pending charges against him are disposed of according to law;

whichever is earlier.

> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d).

Based on the plain text of § 4241(d)(1)—which clearly refers to hospitalization not exceeding four months—pre-hospitalization delay following a Court's commitment order does not cut into the four-month evaluative hospitalization period provided by § 4241(d)(1). This conclusion is consistent with the Eleventh Circuit's decision in *United States v. Donofrio*, 896 F.2d 1301 (11th Cir. 1990), which refers to the four-month limit on confinement in the context of the evaluative hospitalization period established in § 4241(d)(1). *See id.* at 1303; *United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022); *United States v. Magassouba*, 544 F.3d 387 (2d Cir. 2008). The Court finds no statutory violation of § 4241(d)(1).[2]

Second, in response to Defendant's suggestion that his Fourteenth Amendment right to due process has been violated as a result of the pre-hospitalization confinement period in this case, the Court does not find merit in that challenge on this record. Whatever the outer limits of pre-hospitalization confinement may be as a matter of due process, such constitutional limits have not been exceeded here. The Court ordered Defendant committed on November 28, 2022 [ECF No. 34]. BOP, as a result of administrative delays and backlogs at FCI-Butner, did not transport Defendant to a suitable facility by the scheduled status conference date of March 2, 2023—prompting additional communication from BOP recommending a second competency

---

[2] Nor does the current procedural posture—prior to any hospitalization—permit the Court to make a finding under § 4241(d)(2) that Defendant can be restored to competency. That step is triggered under § 4241(d)(2), after the period of evaluative hospitalization.

evaluation of Defendant, in part based on Defendant's failure to participate in the initial evaluation [ECF No. 38 (Sealed)]. Faced with that reality, and in the interests of justice to ensure confidence in the competency determination, the Court concurred with the Government and BOP's recommendation to conduct a second evaluation on an expedited basis, no later than March 29, 2023 [ECF Nos. 39, 40]. BOP complied with that deadline and prepared a second evaluation, opining in that second evaluation that Defendant was incompetent to stand trial [ECF No. 44 (Sealed)]. That determination of incompetency is well-founded and undisputed by the parties. At this juncture, Defendant has maintained his "place in line" for a bed at the subject treatment facility (FCI-Butner), and approximately five months have elapsed since the Court's initial Commitment Order [ECF No. 34 (Nov. 28, 2022)].

Under these circumstances, absent any indication of outrageous government conduct or anything other than administrative backlogs and delays at BOP, the Court finds no violation of due process and no basis to dismiss the indictment. To be sure, none of this is to say that indefinite pre-hospitalization confinement would be lawful, and indeed it would not be. *See Jackson*, 406 U.S. at 713. But this is not a record of indefinite or unreasonably prolonged detention in a manner that offends due process. Defendant is clearly incompetent, as all parties agree; Defendant is detained pre-trial due to dangerousness in a case involving alleged interstate domestic violence and cyberstalking [ECF No. 35 (Superseding Indictment)]; BOP has conducted two competency evaluations to ensure its determination as to Defendant's competency to stand trial; and this Court has closely managed this case, **including by directing expedited evaluations and ordering BOP in this Order to transport Defendant to commence evaluative hospitalization no later than July 1, 2023—approximately six weeks before BOP's anticipated timeline of mid-August 2023 as indicated to the Court.**

**CONCLUSION**

For the foregoing reasons, and upon full review, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Indictment is **DENIED** [ECF No. 47].

2. BOP is **HEREBY ORDERED AND DIRECTED** to commence the evaluative hospitalization of Defendant under 18 U.S.C. § 4241(d)(1) as directed by the Court's Commitment Order [ECF No. 34] by no later than **July 1, 2023**.

3. On or before **July 2, 2023**, BOP is directed to submit to the Court and the parties a **Notice of Compliance** confirming that Defendant has commenced his § 4241(d)(1) evaluative hospitalization period.

4. At any time during Defendant's evaluative hospitalization under § 4241(d), but no later than **October 1, 2023**, the Director shall take the following action:

    a. If the director of the facility in which Defendant is hospitalized, pursuant to this Order, needs an additional reasonable period of time for Defendant's mental condition to improve, the director shall submit a request and report to this Court, with copies to counsel of record, supporting a finding that there is a substantial probability that, within such additional period of time, Defendant will attain the capacity to permit these proceedings to go forward; or

    b. If the director of the facility in which Defendant is hospitalized, pursuant to this Order, determines that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the Clerk of the United States District Court for the Southern District of

CASE NO. 22-80085-CR-CANNON

Florida.  The clerk shall send a copy of the certificate to Defendant's counsel and to the attorney for the Government.  This Court then will hold a further hearing, pursuant to the provisions of § 4247(d), to determine the competency of Defendant at that time.

5.  The period of delay resulting from Defendant's treatment and any subsequent judicial proceedings shall be deemed excluded for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(A).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of April 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        U.S. Marshal
        Federal Bureau of Prisons

8